## Copeland *v.* Pate.

The defendant in a proceeding by certiorari must have notice, or the judgment will be erroneous.

IN ERROR from the circuit court of the county of Tishemingo.

Hughes, for plaintiff in error.

Hubbard, contra.

TURNER, Justice.

The only assignment of error which we deem it necessary to notice, is, that the defendant, Copeland, had no notice of the *certiorari* in the circuit court.

The plaintiff below, A. E. Pate, brought his action to recover a demand on open account against the defendant below, Copeland, and one Harrison, for $40 45, and on the trial, the parties having been served with process, judgment was rendered in favor of the plaintiff for $4 49¼, on the 27th January, 1838. The plainti being dissatisfied with the verdict, petitioned for and obtained a fiat for a certiorari, to the circuit court of Tishemingo county. This was done on the 7th December, 1838, nearly one year after the judgment. At the June term of the circuit court, 1839, diminution of the record is suggested, and an alias certiorari obtained, and on the 10th of October following, the alias issued. At December term, 1839, the plaintiff filed his declaration, containing the common counts in assumpsit, for $49 16. At the June term, 1840, the cause was submitted to a jury to assess damages, and a verdict was had for plaintiff for $60 67, and judgment rendered thereon.

Copeland *v.* Pate.

No notice was served on the defendant below to appear, or of the sueing out of the certiorari. The entry of the clerk, that "this day came the parties, by their attorneys," is not sufficient evidence that any party appeared but that party who was in court, and that was the plaintiff.

It is as important that a citation issue in cases of certiorari as in cases of error. There can be no inference raised that the defendants below had notice. They knew that the plaintiff had recovered a judgment against them, before the justice of the peace. The subsequent proceedings were entirely before another tribunal.

The judgment must be reversed, and cause remanded for further proceedings.